1  JOHN W. CARPENTER (Cal. Bar No. 221708)
   Law Offices of John W. Carpenter LLC
2  12 Metairie Court
   Metairie, LA  70001-3032
3  Telephone:  1-415-577-0698
   Facsimile:   1-866-410-6248
4  Email: john@jwcarpenterlaw.com

5

6  *Attorneys for Plaintiff,*
   *Innovus Prime LLC*

7

8              IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA





10

| 11  **Innovus Prime LLC** | Civil Action No. **CV 12  0751** |
|---|---|
| 12          Plaintiff | |
| 13          v. | |
| 14  (1) **Mitsubishi Electric Corporation** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 15  (2) **Mitsubishi Electric Visual Solutions America** | |
| 16  (3) **Mitsubishi Digital Electronics America, Inc** | **DEMAND FOR JURY TRIAL** |
| 17 | |
| 18          Defendants |  |

19

20

21              **COMPLAINT FOR PATENT INFRINGEMENT**

22

23      Plaintiff, Innovus Prime LLC ("Plaintiff Innovus Prime"), hereby alleges for its Complaint

24  against Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, and

25  Mitsubishi Digital Electronics America, Inc, on personal knowledge as to their own actions and on

26  information and belief as to the actions of others, as follows:

27

1

2

## NATURE OF THE CASE

3

4

This is an action arising under the Patent Laws and Statutes of the United States in which

5

Plaintiff seeks to recover for patent infringement, and for any and all damages and costs flowing

6

there from.

7

## THE PARTIES

8

9       1.      Plaintiff Innovus Prime is a Nevada limited liability company with a principal place

10    of business at 900 Lafayette Street, Suite 708, Santa Clara, CA 95050.

11      2.      On information and belief, Defendant Mitsubishi Electric Corporation is a

12    corporation organized and existing under the laws of Japan with its principal place of business

13
located at Tokyo Building, 2-7-3 Marunouchi Chiyoda-ku, Tokyo 100-8310  Japan.   On
14
information and belief, Defendant Mitsubishi Electric Corporation is a nonresident of California

15

16    who engages in business in this state, but does not maintain a regular place of business in this state

17    or a designated agent for service of process in this state.   Defendant Mitsubishi Electric

18    Corporation resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This

19
proceeding arises, in part, out of business done in this state. Defendant Mitsubishi Electric
20
Corporation may be served with process in Japan pursuant to the Hague Convention on the

21

22    Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S.

23    No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).   Defendant Mitsubishi Electric Corporation regularly

24    conducts and transacts business in California, throughout the United States, and within the

25    Northern District of California, itself and/or through one or more subsidiaries, affiliates, business

26    divisions, or business units.

27

3.     On information and belief, Defendant Mitsubishi Electric Visual Solutions America Inc is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9351 Jeronimo Rd., Irvine, CA 92618. On information and belief, this Defendant is a wholly owned subsidiary of Defendant Mitsubishi Electric Corporation. Defendant Mitsubishi Electric Visual Solutions America Inc has appointed the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, DE, 19801, as its agent for service of process.    Defendant Mitsubishi Electric Visual Solutions America Inc regularly conducts and transacts business in California, throughout the United States, and within the Northern District of California, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

4.     On information and belief, Defendant Mitsubishi Digital Electronics America, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9351 Jeronimo Rd., Irvine, CA 92618. On information and belief, this Defendant is a wholly owned subsidiary of Defendant Mitsubishi Electric Corporation. Defendant Mitsubishi Digital Electronics America, Inc. Defendant Mitsubishi Digital Electronics America, Inc. has appointed the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle, DE, 19801, as its agent for service of process. Defendant Mitsubishi Digital Electronics America, Inc. regularly conducts and transacts business in California, throughout the United States, and within the Northern District of California, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units. Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America Inc., Mitsubishi Digital Electronics America, Inc. will be referred to herein individually and collectively as "Mitsubishi Defendants."

1

2

## JURISDICTION AND VENUE

3

4
    5.     This is an action under the Patent Laws of the United States, Title 35 of the United

5
States Codes, namely, 35 U.S.C. §§ 1 et seq. including 35 U.S.C. §§ 271 and 281, *et seq*, because

6
Mitsubishi Defendants committed acts of patent infringement within the United States and this

7
judicial district. Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28

8
U.S.C. §§ 1331 and 1338(a).

9
    6.     Venue is proper in this District under 28 U.S.C. §§ 1391 and/or 1400 (b) because

10
Mitsubishi Defendants are subject to personal jurisdiction in this District and/or have committed

11
acts within this District giving rise to this action. At a bare minimum, each of the Mitsubishi

12
Defendants has delivered infringing products into the stream of commerce with the expectation that

13
they will be purchased and used    by consumers in California, including consumers in the Northern

14

15
District of California.

16
    7.     Plaintiff Innovus Prime has a place of business in this District.

17

18

## PLAINTIFF'S PATENT

19

20
    8.     On January 18, 1994, the  United States Patent and Trademark Office duly and

21
legally issued U.S. Patent No. 5,280,350 ("the '350 Patent"), entitled "Method and Apparatus for

22
Processing a Picture Signal to Increase the Number of Displayed Television Lines Using Motion

23
Vector Compensated Values." A copy of the '350 Patent is attached to this Complaint as

24

25
Appendix A.

26

27

COMPLAINT FOR PATENT INFRINGEMENT

4

1      9.      By reason of an assignment, Plaintiff Innovus Prime owns all rights, title and

2  interest in the '350 Patent. The '350 Patent concerns *inter alia* embodiments for a method for

3  processing a picture signal to obtain a picture signal having improved properties.

4

5

                                    **COUNT I**

6                  **INFRINGEMENT OF U.S. PATENT NO. 5,280,350**

7

8

9      10.     Plaintiff Innovus Prime repeats and incorporates by reference each of the

10  allegations contained in Paragraphs 1 through 9 above, and further alleges as follows:

11     11.     On information and belief, without a license or permission from Plaintiff Innovus

12  Prime, Mitsubishi Defendants infringed one or more claims of the '350 Patent in the State of

13
    California, in this judicial district, and elsewhere in the United States by having imported, made,
14
    used, sold or offered for sale claimed embodiments of the invention(s) that embody and/or
15
16  practiced the invention(s) for processing a picture signal to obtain a picture signal having

17  improved properties.  On information and belief, Mitsubishi Defendants' infringement of one or

18  more claims of the '350 Patent occurred individually, or while acting in concert and/or through the

19  same or series of transactions.  Mitsubishi Defendants are thus liable for infringement of the '350

20  Patent pursuant to 35 U.S.C. § 271 literally and/or under the doctrine of equivalents. Without

21
    limitation, several examples of Mitsubishi Defendants' infringing products include    the products
22
23  listed on Exhibit I which is attached hereto. The infringing products further include projectors

24  including model HC9000D.  Mitsubishi Defendants' infringement of the '350 Patent has caused

25  substantial damage to Plaintiff Innovus Prime.

26

27

COMPLAINT FOR PATENT INFRINGEMENT                                                                5

12.     To the extent that facts learned in discovery show that Mitsubishi Defendants' infringement of the '350 Patent had been willful, Plaintiff Innovus Prime reserves the right to request such a finding at time of trial.

13.     As a result of these Mitsubishi Defendants' infringement of the '350 Patent, Plaintiff Innovus Prime has suffered monetary damages in an amount not yet determined.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff Innovus Prime requests a trial by jury on all issues allowable by law.

## CERTIFICATION OF INTERESTED PARTIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed person, association of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

Innovus Prime LLC

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Innovus Prime prays for the following relief:

COMPLAINT FOR PATENT INFRINGEMENT

A.   For decree and judgment against Mitsubishi Defendants and all in privity with Mitsubishi Defendants that the '350 Patent is valid and enforceable;

B.   For decree and judgment against Mitsubishi Defendants and all in privity with Mitsubishi Defendants that the '350 Patent had been infringed by Mitsubishi Defendants and that Mitsubishi Defendants are liable as patent infringers;

C.   For decree and judgment against Mitsubishi Defendants and all in privity with Mitsubishi Defendants requiring Mitsubishi Defendants to pay Plaintiff Innovus Prime its damages, costs, expenses, and prejudgment and post-judgment interest for Mitsubishi Defendants' infringement of the '350 Patent under 35 U.S.C. § 271 and 28 U.S.C. § 1961;

D.   For such other and further relief which should appear just and equitable to this Court.

Dated:  February 8, 2012.

Respectfully submitted,

By: _____
JOHN W. CARPENTER (221708)
Law Offices of John W. Carpenter LLC
12 Metairie Court
Metairie, LA  70001-3032
Telephone:  (415) 577-0698
Facsimile:   1-866-410-6248
Email: john@jwcarpenterlaw.com

*Attorneys for Plaintiff,*
*Innovus Prime LLC*

COMPLAINT FOR PATENT INFRINGEMENT

7